Noah Kane [NJ No. 428282023]
KANE LAW FIRM LLC
550 Kinderkamack Rd, Ste 124
Oradell, NJ 07649
T: (267) 832-2657
E: noah@njconsumer.com
*Attorney for Plaintiff Thomas E. Krippa*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(NEWARK VICINAGE)**

| | |
|---|---|
| **THOMAS E. KRIPPA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**JPMORGAN CHASE BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.;** and **EQUIFAX INFORMATION SERVICES LLC,**<br><br>*Defendants.* | Civil Action No.: 26-cv-14675<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Thomas E. Krippa ("Plaintiff" or "Mr. Krippa"), by and through undersigned counsel, brings this action against Defendants JPMorgan Chase Bank, N.A. ("Chase"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services LLC ("Equifax," and together with Experian, the "CRA Defendants"), and alleges as follows:

## PARTIES

1. Plaintiff Thomas E. Krippa is a natural person residing in Edison, Middlesex County, New Jersey. He was the holder of a Chase credit card account (the "Account").

2. Defendant JPMorgan Chase Bank, N.A. is a national banking association with its main office at 1111 Polaris Parkway, Columbus, Ohio 43240. It issues credit cards, extends consumer

credit, and regularly conducts business in New Jersey. Chase issued the Account and furnishes information about its accounts to consumer reporting agencies.

3. Defendant Experian Information Solutions, Inc. is a consumer reporting agency with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626, doing business in New Jersey.

4. Defendant Equifax Information Services LLC is a consumer reporting agency with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309, doing business in New Jersey.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), including its Fair Credit Billing Act provisions ("FCBA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and has supplemental jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1367(a).

6. Each Defendant regularly conducts business in New Jersey, the Account belongs to a New Jersey resident, and the injuries were suffered in New Jersey. Personal jurisdiction over each Defendant and venue in this District are proper. 28 U.S.C. § 1391(b). Because Plaintiff resides in Edison, north of the Raritan River, this action is allocated to the Newark vicinage under Local Civil Rule 40.1.

## FACTUAL ALLEGATIONS

### *The Unauthorized Charges*

7. For years Mr. Krippa used the Account modestly and predictably: roughly thirty small purchases a month, nearly all near his home in Edison, paid in full each month by automatic payment from his bank account.

8. Beginning in November 2025 and continuing through May 2026, someone other than Mr. Krippa used the Account to make approximately 550 purchases totaling more than $24,000 (the "Unauthorized Charges").

9. Mr. Krippa did not make, authorize, or benefit from any of the Unauthorized Charges. They were made at hundreds of merchants he has never patronized, concentrated in Union County, New Jersey, and New York City, and extending to Pennsylvania and Florida. Throughout that period, apart from two small monthly bills charged to it automatically, Mr. Krippa made little or no use of the card.

10. Because the Account was on autopay, Chase collected $18,189.60 from Mr. Krippa's bank account in payment of statements that consisted overwhelmingly of Unauthorized Charges.

***Chase Credits the Charges, Then Rebills Them***

11. In mid-May 2026, Mr. Krippa discovered the Unauthorized Charges, reported them to Chase as fraudulent, and told Chase the card had been compromised. Chase cancelled the card and issued provisional credits for the Unauthorized Charges.

12. On or about June 11, 2026, Chase denied Mr. Krippa's claim, reversed its credits, and rebilled the Unauthorized Charges, leaving a stated balance of approximately $14,500 that Chase demanded he pay. Chase closed the Account the following month and has since added interest and late fees to the balance. Chase's November 10, 2026, statement demands $15,447.19, including $1,471.00 it lists as past due, and reflects $272.24 in interest and a $40.00 late fee for that month alone.

13. When Chase rebilled the Unauthorized Charges, it had ample reason to know they were unauthorized. Each of the following was apparent from Chase's own records: the Account's activity jumped from roughly thirty small purchases a month to as many as 130; the charges

clustered fifteen miles from Mr. Krippa's home, at the same convenience stores, vape shops, liquor stores, and restaurants, day after day; they included more than 160 transactions in New York City and a week of hotel, airline, and retail charges across Florida; the card was used in New Jersey and in New York City or Florida on the same day dozens of times; and Chase's own fraud systems flagged the Account three times and emailed Mr. Krippa alerts, yet Chase never suspended the card and kept approving charges in the same pattern.

14. Chase's investigation consisted of a form letter. By letter dated August 3, 2026, Chase conceded that six of the charges were unauthorized but held Mr. Krippa "responsible" for approximately 244 others, offering as its sole reason for each the identical phrase: "You received benefit from this transaction." Chase identified no document or other evidence supporting that assertion as to any charge, and it did not explain how Mr. Krippa could have benefited from hotel stays in Florida or purchases at stores he has never entered.

15. Chase did not conduct a reasonable investigation. Comparing the pattern, geography, and timing of the Unauthorized Charges against the Account's history and Mr. Krippa's whereabouts would have confirmed that they were unauthorized.

### *Mr. Krippa's Billing-Error Notices*

16. Chase's July 10, 2026, statement was the first to reflect the rebilled Unauthorized Charges. Within sixty days of that statement, Mr. Krippa gave Chase written notice of the billing error at least four times: by letter dated July 20, 2026, and by messages sent through Chase's secure online message center on July 23, 25, and 26, 2026. Each identified the Account, stated that the rebilled charges were unauthorized and disputed, and asked Chase to correct the Account and explain the basis for its denial. His July 25 and 26 messages also asked for the records on which Chase relied, including the dates and times of the disputed transactions and the device identifiers

and IP addresses associated with them. Chase acknowledged each notice in writing and confirmed that it had "escalated" the dispute.

17. Chase neither corrected the Account nor sent Mr. Krippa a written explanation of the reasons it believed the Account was correct; its August 3 letter offered only the rote "received benefit" phrase. Nor did Chase provide any of the records, timestamps, device data, or IP addresses he had requested. Meanwhile, Chase continued to demand payment, assessed interest and late fees on the disputed balance, and reported the Account to the CRA Defendants as delinquent without reporting it as disputed.

***Mr. Krippa's Identity-Theft Disputes to the Credit Bureaus***

18. Mr. Krippa reported the fraud to the Edison Township Police Department and completed a sworn Federal Trade Commission Identity Theft Report.

19. By letters dated August 17, 2026, sent by certified mail and received by Experian on August 24, 2026, and by Equifax on August 27, 2026, Mr. Krippa notified each CRA Defendant that he was a victim of identity theft; identified the Account using the date opened and other material information; stated that its balance and delinquency resulted from charges he did not make or authorize; enclosed proof of his identity, his police report, and his FTC Identity Theft Report; and requested that the information be blocked and deleted and that the dispute be forwarded to Chase. Chase has reported the Account to the CRA Defendants under more than one card number over time; Mr. Krippa's letters identified it by creditor, by the card numbers known to him, by the date opened, and by the fraudulent charges themselves, and each CRA Defendant in fact located or could have located the Account in his file.

20. Neither Experian nor Equifax blocked the Account information within four business days of receiving Mr. Krippa's letter, or at all, and Equifax never notified him of any determination declining to block it.

21. Experian, by letter dated September 5, 2026, acknowledged receiving Mr. Krippa's identity theft report and notice that he was a victim of identity theft, but refused to block the information on the ground that he "did not provide proof of [his] identity." That was false. His letter to Experian enclosed copies of his United States passport and passport card and a recent account statement showing his current address, and stated his date of birth and Social Security number. Experian's letter further stated that "a request to verify the accuracy of this information has been sent to the furnisher of the data," that is, to Chase.

22. Experian, by its own account, and, upon information and belief, Equifax forwarded Mr. Krippa's dispute to Chase, and Chase verified the Account balance and delinquency as accurate without any investigation beyond its August 3 form letter, notwithstanding the police report and sworn FTC Identity Theft Report.

23. Neither CRA Defendant conducted an independent reinvestigation.

24. Experian's results stated that the disputed item was "not listed" on Mr. Krippa's report, while the same report carried the Account with a balance of $14,538. Experian thus neither reinvestigated the Account nor reported any result as to it. Experian's further results of November 7, 2026, responding to Mr. Krippa's second dispute, again reported no result for the Account while listing it among his "potentially negative items."

25. On September 4, 2026, Mr. Krippa called Equifax and completed its identity-document verification so that his dispute could be processed. Equifax's results, dated September 14, 2026, stated that Chase had verified the information and that the Account was "reporting accurately."

Non-party Trans Union, LLC, which received the same dispute package, deleted the Account from Mr. Krippa's file.

26. As of November 2026, Experian and Equifax each continue to report the Account as closed and more than sixty days past due, with a balance of $15,134, every dollar of which consists of Unauthorized Charges and the interest and fees Chase has added to them. Mr. Krippa was forced to mail a second round of certified dispute letters in November 2026, this time enclosing the items Experian had requested: a copy of his New Jersey driver's license, a bank statement showing his current address, proof of his addresses for the past two years, and his Social Security number, at his own expense, to no avail.

27. Experian and Equifax have each furnished consumer reports containing the false balance and delinquency to third parties, including after receiving Mr. Krippa's disputes. Upon information and belief, Experian furnished such reports to Chase on October 10, 2026, and to Capital One, Citibank, and First National Bank of Omaha on October 12 and 15, 2026, and Equifax furnished such a report to Capital One on October 27, 2026, each in connection with an account review or prescreening of Mr. Krippa.

***Willfulness***

28. Chase acted willfully, in bad faith, and in reckless disregard of its obligations. It rebilled tens of thousands of dollars in charges it had provisionally credited after Mr. Krippa reported them as fraudulent, on a card it had itself cancelled as compromised, on the strength of a form-letter conclusion it could not substantiate for a single transaction, and it then verified the same charges to the credit bureaus after receiving the police report and the sworn FTC Identity Theft Report.

29. Experian and Equifax acted willfully, or at minimum in reckless disregard of their obligations. Each received a police report, a sworn FTC Identity Theft Report, and an express

request to block the fraudulent information; each nonetheless continued to report the fraudulent balance and delinquency, accepting Chase's verification over documentary proof of identity theft. The FCRA's reinvestigation and identity-theft block requirements are longstanding and unambiguous, and the CRA Defendants' noncompliance was not the product of any reasonable reading of the statute. Experian, moreover, refused the block on the stated ground that Mr. Krippa had not proven his identity, when the very letter it was answering enclosed his passport, his passport card, and an account statement showing his address.

30. The CRA Defendants' failures here were not isolated lapses but the product of the dispute-handling system each has chosen to operate. Upon information and belief, each CRA Defendant processes written consumer disputes, including identity-theft disputes accompanied by police reports and sworn FTC Identity Theft Reports, through an automated system that reduces the consumer's dispute to a two- or three-digit code, transmits that code to the furnisher electronically, and adopts whatever the furnisher reports back as the result of its "reinvestigation," without any independent review by a person with authority to resolve the dispute against the furnisher.

31. Upon information and belief, each CRA Defendant staffs and budgets this process to dispose of disputes in minutes and at minimal cost; has known for years, through consumer complaints, regulatory enforcement, and litigation including appellate decisions, that the process fails to detect and correct inaccurate information, and in particular fails to honor identity-theft block requests supported by police and FTC reports; and has nonetheless retained it because its cost is lower than the cost of a reinvestigation that complies with the FCRA. Mr. Krippa's dispute was handled in exactly that manner.

32. By contrast, non-party Trans Union LLC did what the FCRA requires: presented with the same information, it permanently blocked the reporting of the fraudulent account and/or investigated and deleted it.

***Harm to Mr. Krippa***

33. As a direct and proximate result of Defendants' conduct, Mr. Krippa has suffered, and continues to suffer, actual damages including:

a. the portion of the $18,189.60 Chase drew from his bank account that paid for Unauthorized Charges and that Chase has kept by rebilling those charges;

b. liability to Chase for a rebilled balance of approximately $14,500, together with the interest and late fees Chase has assessed and continues to assess on it;

c. the loss of the Account and its credit line, the depression of his credit scores, and harm to his creditworthiness;

d. out-of-pocket dispute costs and dozens of hours spent reviewing statements, preparing disputes and reports, and corresponding with Defendants;

e. the publication of a false five-figure delinquency to third parties, including after each CRA Defendant had been given proof that it resulted from identity theft; and

f. emotional distress, anxiety, and humiliation, including the strain of being pursued for a five-figure debt manufactured in his name.

**COUNT I**
**15 U.S.C. §§ 1643 and 1640**
**Truth in Lending Act — Unauthorized Use of a Credit Card**
**(Against JPMorgan Chase Bank, N.A.)**

34. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

35. The Unauthorized Charges were unauthorized uses of the Account.

36. By reversing its credits, rebilling the Unauthorized Charges, and demanding payment of them after having reason to know they were unauthorized, Chase imposed liability on Mr. Krippa for the unauthorized use of a credit card far exceeding $50 without satisfying the conditions of 15 U.S.C. § 1643, including by failing to conduct a reasonable investigation of his claim of unauthorized use.

37. Mr. Krippa incurs no liability for the Unauthorized Charges, 15 U.S.C. § 1643(d), and Chase is liable to him under 15 U.S.C. § 1640(a) for actual damages, statutory damages, and the costs of this action together with a reasonable attorney's fee.

**COUNT II**
**15 U.S.C. §§ 1666, 1666a, and 1640**
**Fair Credit Billing Act — Failure to Resolve a Billing Error**
**(Against JPMorgan Chase Bank, N.A.)**

38. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

39. The rebilled Unauthorized Charges were billing errors, and Mr. Krippa's July 20, 2026, letter and July 23, 25, and 26, 2026, secure messages were timely written notices of billing error under 15 U.S.C. § 1666(a).

40. Chase violated 15 U.S.C. § 1666(a) by neither correcting the Account nor, after a reasonable investigation, sending Mr. Krippa a written explanation of the reasons it believed the Account was correctly shown; by failing to provide the documentary evidence he requested; and, before complying with those obligations, it demanded payment of the disputed amount, assessed late fees for its nonpayment, and reported it to the CRA Defendants as delinquent, in violation of 15 U.S.C. §§ 1666 and 1666a.

41. Chase is liable to Mr. Krippa under 15 U.S.C. § 1640(a) for actual damages, statutory damages, and costs and a reasonable attorney's fee, and has forfeited its right to collect the disputed amounts to the extent provided by 15 U.S.C. § 1666(e).

**COUNT III**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Against Experian and Equifax)**

42. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

43. Each CRA Defendant prepared and furnished consumer reports concerning Plaintiff containing inaccurate and materially misleading information: a balance, delinquency, and derogatory payment history on the Account arising entirely from the Unauthorized Charges, and furnished those reports to third parties, including after Plaintiff's disputes.

44. Each CRA Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of that information, including by continuing to report it after receiving documentary proof of identity theft.

45. Each CRA Defendant's violation was willful, entitling Plaintiff to relief under 15 U.S.C. § 1681n; in the alternative, negligent, entitling Plaintiff to relief under 15 U.S.C. § 1681o.

**COUNT IV**
**15 U.S.C. § 1681i**
**Failure to Conduct a Reasonable Reinvestigation**
**(Against Experian and Equifax)**

46. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

47. Plaintiff disputed the accuracy of the Account information directly with each CRA Defendant in writing.

48. Each CRA Defendant failed to conduct a reasonable reinvestigation of the disputed information, failed to consider the police report, FTC Identity Theft Report, and other information Plaintiff supplied, failed to provide that information to Chase, failed (in Experian's case) to notify Plaintiff of the results of any reinvestigation of the Account, instead stating that the item was not in his file at all, and failed to delete information that was inaccurate or could not be verified, in violation of 15 U.S.C. § 1681i.

49. Each CRA Defendant's violation was willful, entitling Plaintiff to relief under 15 U.S.C. § 1681n; in the alternative, negligent, entitling Plaintiff to relief under 15 U.S.C. § 1681o.

**COUNT V**
**15 U.S.C. § 1681c-2**
**Failure to Block Information Resulting from Identity Theft**
**(Against Experian and Equifax)**

50. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

51. Plaintiff provided each CRA Defendant with appropriate proof of his identity, a copy of his identity theft report, identification of the Account information resulting from the identity theft, and his statement that the information did not relate to any transaction by him.

52. Each CRA Defendant failed to block that information within four business days, or at all, and neither made any determination declining or rescinding a block on a ground the statute permits; Experian's only stated reason, that Plaintiff had not provided proof of his identity, was false, in violation of 15 U.S.C. § 1681c-2.

53. Each CRA Defendant's violation was willful, entitling Plaintiff to relief under 15 U.S.C. § 1681n; in the alternative, negligent, entitling Plaintiff to relief under 15 U.S.C. § 1681o.

**COUNT VI**
**15 U.S.C. § 1681s-2(b)**

**Failure to Conduct a Reasonable Investigation of Disputed Information**
**(Against JPMorgan Chase Bank, N.A.)**

54. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

55. Experian, by its own account, and, upon information and belief, Equifax notified Chase of Plaintiff's dispute, triggering Chase's duties as a furnisher under 15 U.S.C. § 1681s-2(b).

56. Chase failed to conduct a reasonable investigation of the disputed information, failed to review all relevant information provided to it, and failed to modify, delete, or block the reporting of information that was inaccurate and that it could not verify, instead verifying the fraudulent balance and delinquency as accurate and continuing to furnish them without reporting them as disputed.

57. Chase's violation was willful, entitling Plaintiff to relief under 15 U.S.C. § 1681n; in the alternative, negligent, entitling Plaintiff to relief under 15 U.S.C. § 1681o.

**COUNT VII**
**N.J. Stat. Ann. §§ 56:8-2 and 56:8-19**
**New Jersey Consumer Fraud Act**
**(Against JPMorgan Chase Bank, N.A.)**

58. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

59. Chase extended credit to Mr. Krippa, a New Jersey consumer, and billed and collected the Account in New Jersey.

60. In connection with its billing and collection of the Account, Chase engaged in unconscionable commercial practices, in violation of N.J. Stat. Ann. § 56:8-2, by rebilling and demanding payment of charges it had provisionally credited after Mr. Krippa reported them as fraudulent, on a card it had cancelled as compromised; by holding him responsible for those

charges on the strength of a form phrase it could not support as to any transaction; by refusing to provide the records he requested; by keeping the payments it had drawn from his bank account for those charges; and by adding interest and late fees to, and continuing to demand payment of, a balance consisting of those charges while ignoring his billing-error notices.

61. This Count does not rest on Chase's furnishing of information to consumer reporting agencies.

62. As a result of Chase's unlawful practices, Mr. Krippa suffered an ascertainable loss of money or property, including the portion of the $18,189.60 Chase drew from his bank account that paid for Unauthorized Charges and that Chase kept by rebilling them.

63. Mr. Krippa is entitled to treble damages, reasonable attorneys' fees, filing fees, and costs under N.J. Stat. Ann. § 56:8-19.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award:

a. against Chase, actual damages, statutory damages, and the costs of this action together with a reasonable attorney's fee under 15 U.S.C. § 1640(a), and forfeiture under 15 U.S.C. § 1666(e) to the extent that section provides;

b. a declaration that Plaintiff's liability for the Unauthorized Charges is zero and that Chase's re-imposition of liability for them was unlawful;

c. against each Defendant, actual or statutory damages, punitive damages, and costs and reasonable attorneys' fees under 15 U.S.C. § 1681n, or, in the alternative, actual damages and costs and reasonable attorneys' fees under 15 U.S.C. § 1681o;

d. against Chase, treble damages, reasonable attorneys' fees, filing fees, and costs under N.J. Stat. Ann. § 56:8-19;

e. pre-judgment and post-judgment interest as allowed by law; and

f. such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned counsel for Plaintiff hereby certifies that, to the best of his knowledge and belief, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, except that Plaintiff submitted a complaint concerning Chase's conduct to the Consumer Financial Protection Bureau on or about October 22, 2026.

Dated: November 13, 2026

Respectfully submitted,

*/s/ Noah Kane*
Noah Kane [NJ No. 428282023]
KANE LAW FIRM LLC
550 Kinderkamack Rd, Ste 124
Oradell, NJ 07649
T: (267) 832-2657
E: noah@njconsumer.com

*Attorney for Plaintiff Thomas E. Krippa*